Dear Ms. Rodrique:
This office is in receipt of your opinion request in which you ask for clarification on a police jury's ability to enact parish-wide litter ordinances and effects of taking such action. Namely you pose the following seven issues:
 1) Whether the phrase "occurring anywhere in the parish in which the court is situated" includes municipalities, or whether that phrase merely indicates that justices of the peace and constables have jurisdiction in the unincorporated areas of the Parish regardless of the district in which they were elected?
 2) Whether penalties under such an ordinance can exceed maximums authorized in Louisiana Revised Statutes 30:2531.2, Louisiana Attorney General Opinion Number 96-58?
 3) Whether parish ordinance must include the option of community service in lieu of a fine?
 4) Whether the Board can 1) set a fixed amount per case heard without regard to outcome of fine; or 2) set a "sitting fee" for each hearing date regardless of the number and outcome of cases heard on that date?
 5) Whether there is a prohibition under Attorney General Opinion Number 97-494 against compensating constables based on convictions and fines handled?
 6) Whether there is any possible impediment to appointing the elected Clerk of the Twenty-Fourth Judicial District Court as Clerk of Litter Court, a justice of the peace court, while serving as an elected clerk of a state district court?
 7) Whether an additional $5 fine for wildlife management would be considered as included in determination of maximum fines that can be assessed under the Parish ordinance and/or by the justice of the peace?
The phrase "occurring anywhere in the parish in which the court is situated" includes literally anywhere in the parish. La. R.S. 13:2586(C)(2) states:
 (C)(2) A justice of the peace shall have concurrent jurisdiction over the litter violations occurring anywhere in the parish in which the court is situated, which are prohibited by R.S. 30:2531.2 or any ordinance of a parish governing body providing for litter abatement or control that provides that the trial for the violation of any such ordinance may be in a justice of the peace court. In addition, a constable may issue summons and serve subpoenas for such violations occurring anywhere in the parish in which his court is situated. However, the penalty that may be imposed by a justice of the peace in connection with a litter violation prohibited by R.S. 30:2531.2 shall be limited to the range of fines allowed by that Section.
In accordance with Opinion 97-494, penalties may not exceed the maximums as provided for in R.S. 30:2531. Opinion Number 97-494 states in pertinent part:
 [T]he penalty that may be imposed by a justice of the peace in connection with a litter violation prohibited by R.S. 25:1111 shall be limited to the range of fines allowed by R.S. 25:1111(E)(1).
Louisiana Revised Statutes 25:1111 has since been re-designated Louisiana Revised Statutes 30:2531. It states maximum penalties allowable under Louisiana law for convictions for violating litter abatement laws.
You also raise the issue of whether a parish-wide litter ordinance must include the option of community service. The penalties regarding litter neither require nor prohibit a judge from imposing community service. However, if a judge were to sentence litter violators of a parish litter ordinance to community service, he may do so only if the parish ordinance provides for such community service. When drafting parish ordinances, the parish council has great discretion in determining fees, costs, and penalties. They must, however, be clear as to such matters.
Regarding the fixing of "sitting fee", or a fixed amount per case, the parish has great discretion in fixing fines, costs, and distributions. The state statute did not limit the parishes in determining how the officials dealing with the litter court were to be reimbursed or paid. Thus, it is completely up to the parish to decide which of the two mentioned distribution methods is appropriate. As a reference, the state statute, R.S. 30:2531.2, specifically dealing with civil littering, calls for special court costs in lieu of other costs and the distribution of those special court costs and states in part as follows:
 1) Twenty dollars shall be paid to the judicial expense fund for that judicial district, or the justice of the peace or the city court, as the case may be.
 2) Twenty dollars shall be paid to the office of the district attorney, or to the constable or the municipal prosecuting attorney, as the case may be.
 3) Ten dollars shall be paid to the clerk of the district court, or to the justice of the peace or the city court, as the case may be.
While the state statutes do provide expenses for the appropriate officials, the parish ordinance should clearly provide for such matters, including collection and distribution of costs and fines.
Regarding Opinion 97-494 and the compensation of constables, again the parish ordinance must clearly state how the officials are to be reimbursed. The reimbursement must be in such a manner as to allow the officials to remain impartial and unbiased in the fulfillment of their duties. That opinion states in part: "Justices of the peace and constables may not receive compensation based on the fines they impose and collect. Rather, the reimbursement of expenses must be made on an independent basis."
You ask if it is permissible to appoint an elected clerk of court as clerk of the parish litter court. Louisiana's dual officeholding provision, specifically R.S. 42:63(D) states:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. [Emphasis added].
Assuming that the litter court would be under the authority of the parish, a clerk of court cannot also be appointed to serve as clerk for a parish litter court.
Finally, you ask if an additional $5 fine for wildlife management would be considered as included in determination of maximum fines? Louisiana Revised Statutes 56:70.3 states in part:
 (2) Notwithstanding any other provision of law to the contrary, in addition to any fine imposed under R.S. 30:2531 and 2531.1 or fine imposed pursuant to any parish or municipal ordinance prohibiting littering, an additional fine of five dollars is hereby imposed for each violation of said statutes or ordinances which results in a conviction, guilty plea, or plea of nolo contendere.
The $5 fee is an additional fee in excess of the fine levied by statute or ordinance. Therefore, the $5 wildlife management fine is not included in determination of maximum fines allowable under state law.
In conclusion, a parish police jury does have authority to adopt and enforce parish-wide litter ordinances. Penalties for violation of such an ordinance shall not exceed maximum fines set forth under state law. There is no requirement to offer community service in lieu of fines for violation of parish-wide litter ordinances. Justices of the peace and constables may be reimbursed for handling litter cases as provided in the appropriate statute or parish ordinance. R.S. 42:63(D) prohibits an elected clerk of court from being appointed as clerk of a parish litter court. The court should impose an additional five dollar fee in litter cases for wildlife management in accordance with R.S. 56:70.
We trust that the above sufficiently addresses your concerns. If you have further questions, or if our office may be of service, please contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ J. RICHARD WILLIAMS Assistant Attorney General